UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAUL RODDY II, Inmate Booking No. 13717172<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE OF THE DISTRICT ATTORNEY; COURT OF APPEAL, FOURTH DISTRICT; APPELLATE DEFENDERS, INC.; ROBERT F. O'NEIL,<br><br>Defendants. | Case No. 3:17-cv-1964-LAB-PCL<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

**I.  Procedural History**

Richard Paul Roddy, II, ("Plaintiff"), is proceeding pro se in this civil action, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

On November 28, 2017, the Court granted Plaintiff leave to proceed IFP and conducted its mandatory initial screening of Plaintiff's Complaint. (ECF No. 5 at 7-8.) The Court dismissed Plaintiff's Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (*Id.*). The Court granted Plaintiff thirty (30)

1

days leave in which to file an Amended Complaint that addressed the deficiencies of pleading it identified. (*Id.*). *See also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

That time has since passed and Plaintiff has failed to file an Amended Complaint. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's November 28, 2017 Order.

The Clerk of Court is directed to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: February 20, 2018

*Larry A. Burns*

Hon. Larry Alan Burns
United States District Judge